**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 05-137-05T

LUIS CHRISTOPHER ZAVALA MAYI,
alias, Christopher Garcia

**MOTION TO WITHDRAW**

Now comes the undersigned court-appointed attorney for the defendant in this matter and moves that the court will enter an order allowing him to withdraw from the representation of the defendant. The reason for the request is that there has occurred a complete breakdown in the attorney client relationship. The defendant has affirmatively stated that he never wants to speak to counsel again, and he does not wish to see counsel again in his lifetime. The defendant harbors a basic distrust of information supplied to defendant by counsel and has stated that counsel has been ineffective in defending the defendant. While counsel completely disagrees with defendant's point of view on this matter, counsel is unable to achieve even the most rudimentary sentencing paperwork to submit to probation for use in the preparation of the Presentence Report for the benefit of the defendant due to his lack of trust in any papers put before him to sign or the reason for the necessity of the same.

The attorney client relationship requires that the attorney and the client be able to communicate with each other and work together with a level of trust sufficient that the representation may move forward for the benefit of the defendant. In counsel's judgment

that situation is unattainable in the current matter, and I return to the court at this time seeking that the motion to withdraw be granted and that this court appoint substitute counsel to complete defendant's sentencing phase and such other services as that said counsel may deem necessary.

Counsel submits his affidavit and memorandum of law in support of this motion.

_/S/George J. West_____
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2214
401-861-9042
401-861-0330 (fax)

CERTIFICATE

I hereby certify that on this __4th___ day of August 2006, I forwarded a copy via USDC cm/ecf system of the within Motion to Adi Goldstein, Esq., A.U.S.A., U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 to email address: adi.goldstein@usdoj.gov.

_/s/George J. West___

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 05-137-05T

LUIS CHRISTOPHER ZAVALA MAYI,
alias, Christopher Garcia

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT'S COUNSEL'S**
**MOTION TO WITHDRAW**

Counsel has moved to withdraw in this case due to the fundamental belief that there has been an utter breakdown in the attorney client relationship. Counsel has submitted that the defendant seeks no further contact with counsel and does not wish to see counsel again during his lifetime. Counsel has set forth information to the court that he is unable to complete the most basic sentencing documentation to assist defendant in obtaining favorable sentencing calculations due to the defendant's lack of trust in the document which counsel has attempted to assist him in preparing to file. In United States v. Reyes, 352 F.3d 511 (1st Cir. 2003), the court held that where there is a total breakdown of communication that a motion to withdraw is appropriately granted. This is such a case. As the critical issue of sentencing remains, in order to provide effective assistance to the client, at a minimum there must be a level of trust in the advice that has been rendered up until now in order for counsel to represent the defendant for the balance of this case. In counsel's judgment this is unattainable due to the fundamental breakdown of the attorney client relationship. Counsel submits that the differences

between himself and client are deep, pervasive; and ,effective assistance at this point is severely handicapped. In such circumstances courts have approved the granting of the motion to withdraw. United States v. Enrique Mota-Santana, 391 F.3d 42, 46.

The matter currently is in the sentencing phase. It is submitted it would cause minimal disruption to the proceedings to allow new counsel to enter at this stage to assist the defendant in any sentencing issue and preparing to attempt to obtain maximum benefit from the plea agreement at sentencing.

**CONCLUSION**:

Counsel submits that good cause exists for granting of the Motion to Withdraw. The posture of the case is such that entry of new counsel at this time would minimally affect the progress of the case as it is now in sentencing phase. Therefore, counsel requests the motion be granted.

Respectfully submitted,

_/S/George J. West

George J. West, #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax

**CERTIFICATE**

I hereby certify that on this ___4th__ day of August 2006, I forwarded a copy of the within Memorandum of Law to Adi Goldstein, Esq., A.U.S.A., U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 at adi.goldstein@usdoj.gov.

/s/ George J. West