**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 05-137-05T

LUIS CHRISTOPHER ZAVALA MAYI,
alias, Christopher Garcia

**Redacted Version**

**AFFIDAVIT OF GEORGE J. WEST, ESQ., IN SUPPORT OF MOTION TO WITHDRAW IN THE MATTER OF LUIS CHRISTOPHER ZAVALA MAYI**

1. Now comes the undersigned and makes affidavit and states as follows:

2. That I have served as court-appointed attorney in the captioned matter, since on the 13th day of December, 2005.

3. That on a previous occasion I filed a Motion to Withdraw (document 51, filed 3/21/2006,) from the representation based on my conviction that the attorney client relationship had deteriorated to the point that I could not provide effective representation, and based on claims of ineffective assistance being asserted, an inherent conflict of interest developed.

4. That the court determined after conducting a hearing that my representation should continue, that the situation between defendant and counsel constituted basically a lack of understanding of the role of counsel. The court, in light of its explanations, encouraged defendant and counsel to work together continuing the defense of this matter.

5. I am before the court at this time pressing a renewed motion to withdraw for reasons that there now exists between myself as attorney and the client. There is at this

point a breakdown of the attorney client relationship such that I am not able to complete rudimentary paperwork necessary for inclusion in the Presentence Report for the benefit of the defendant.

6. The defendant at this time is very distrustful of counsel's advice and any paperwork counsel may request him to sign. The defendant has renewed questions concerning counsel's defense of the instant matter, the evidence against him and the conditions of his current confinement.

9. The foregoing conditions of confinement question are pointed out just to explain current circumstances that may or may not be impacting the attorney client relationship.

10. The salient situation that currently exists is that counsel is not able to achieve the most basic work needed for the Presentence Report and predicts that he will be unable to move through and effectively review and respond to the Presentence Report once issued. Mr. Zavala Mayi has made clear that he never wishes to see counsel again or speak to counsel again, and he has done so in firm and expletive laced language.

11. In order to protect Mr. Zavala Mayi's rights and to submit all necessary documentation to obtain the most appropriate sentence in line with the plea agreement as amended, I am asking the court at this time to appoint new counsel to complete the sentencing phase and such other work as new counsel and the defendant deem necessary.

The foregoing is true to the best of my understanding and belief.

George J. West

George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2214
401-861-9042
401-861-0330 (fax)

Subscribed and sworn to before me this 4th day of August, 2006

Hope M. Lagner
Notary Public
HOPE M. LAGNER

My commission expires: 11/24/2007